**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID A. LARSON, BRANDI LYNN BAKER.<br><br>            Plaintiff,<br><br>vs.<br><br>CENTRAL INTELLIGENCE AGENCY (CIA), et al.,<br><br>            Defendants. | 1:10-cv-01774 OWW JLT<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S "EXPARTE MOTION AND NOTICE OF CLERKS' ERROR, CONSTRUED AS A MOTION FOR RECUSAL [Doc. 5]. |

Plaintiff David Larson, who brings this action along with Brandi Baker, his fiancé, alleges that in 1997, he was assaulted by Dr. Loeb, an employee of the Alfred Mann Foundation, and implanted with more than 100 microscopic medical devices. Doc. 1. Larson claims the federal government has been conducting medical experiments using testosterone-infused medical devices to evaluate the effect of the devices on unwitting human test subjects. *Id*. at 3. Larson maintains that the devices are being activated periodically by the defendants in ways that cause him pain and interfere with his daily life. *Id*. at 10-13.

Among the numerous defendants named in the Complaint is former President George H. W. Bush. Plaintiff objects to the assignment of this case to the undersigned District Judge, who

1

was appointed by George H. W. Bush, arguing that this "constitutes a conflict of interest and prevents Plaintiffs from receiving impartial and fair proceedings."  Doc. 5 at 1.  Although entitled "Exparte Motion and Notice of Clerk Error," this motion will be treated as a motion to recuse.

Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ... [he] shall proceed no further...."  28 U.S.C. § 455(a) provides: "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

It appears Plaintiff is unaware of the normal process for assignment of cases in this District.  This case was assigned <u>randomly</u> to the undersigned District Judge, according to the process set forth in Appendix A to the local rules of the Eastern District of California.[1]  As a matter of law, there is no "personal bias or prejudice" created when a federal judge presides over a matter involving the President who appointed that judge.  Neither a judge's political affiliation nor his or her

---

[1] Available at: http://www.caed.uscourts.gov/caed/DOCUMENTS/localRules/LocalRules060210.pdf, at p. 187.

2

PDF created with pdfFactory trial version www.pdffactory.com

appointment by a particular President are grounds for recusal. *See Sataki v. Broadcasting Bd. of Governors*, --- F. Supp. 2d ---, 2010 WL 2679893 (D.D.C. 2010) (rejecting argument that recusal was necessary because presiding judge was nominated by a Democratic administration); *In re Executive Office of the President*, 215 F.3d 25 (D.C. Cir. 2000) (Circuit Judge not required to recuse himself from hearing a case involving the conduct of the President who appointed him).

      Plaintiffs' motion to recuse is entirely without merit and is DENIED.

SO ORDERED

DATED:  November 5, 2010

                                <u>/s/ Oliver W. Wanger</u>
                                Oliver W. Wanger
                              United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com