IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LARSON, et al. ) | Case No. 1:10-cv-01774 OWW JLT |
| ) | |
| Plaintiffs, ) | ORDER GRANTING MOTION TO PROCEED |
| ) | INFORMA PAUPERIS BY PLAINTIFF |
| vs. ) | LARSON |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | ORDER DIRECTING CLERK TO SERVE |
| et al., ) | COPY ON COURT OF APPEALS |
| ) | |
| Defendants. ) | (Doc. 13 ) |
| _____ ) | |
| | ORDER REQUIRING PLAINTIFF BAKER TO |
| | FILE AN AMENDED MOTION TO PROCEED |
| | IN FORMA PAUPERIS |
| | |
| | (Doc. 14) |

**I.    Motion to proceed in forma pauperis by Plaintiff Larson**

On January 21, 2011, Plaintiff David Larson filed a motion to proceed in forma pauperis on appeal.  (Doc. 13) In his motion, he reports that he earns $1,072 per month out of which he supports himself and contributes to the support of his fiancee's daughter. (Doc. 13 at 3) He reports that he has delinquent credit card debt and has debts that he incurred to obtain medical treatment for himself.  Id.

The Court finds that Larson's IFP motion satisfies the indigency requirements of 28 U.S.C. § 1915.  The Court further finds that Plaintiff is unable to pay the costs of commencing

this action.  Accordingly, Larson's IFP motion is **GRANTED.**  The Clerk is **DIRECTED** to serve a copy of this order on the Court of Appeals for the Ninth Circuit.

**II.     Motion to proceed in forma pauperis by Plaintiff Baker**

Plaintiff Brandi Baker has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis.  (Doc. 14) However, Ms. Baker fails to provide a sworn statement outlining her ability to pay the filing fee on appeal.  Instead, Ms. Baker, along with Plaintiff Larson, submits a rambling statement eschewing the Court's order dismissing the matter in the trial court.  (Doc. 14) This is insufficient.

Because the statement filed purporting to be a motion to proceed in forma paupers, fails to provide any relevant information to the determination[1] whether Baker can pay or give security for court costs and still be able to provide herself with the necessities of life, it is insufficient. *See Adkins v. E.I. Dupont de Nemours & Co.,* 335 U.S. 331, 339 (1948); *see also Monti v. McKeon,* 600F.Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed *in forma pauperis, . . .* courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant . . . If plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.").

Accordingly, Baker is directed to file, within ten days of this order, a further motion to proceed in forma pauperis, *signed* under penalty or perjury[2], containing information regarding all sources of income including, any spouse's income, any child support income, any personal income or any public benefits, outlining her assets, describing whether she supports herself and her child by that income and providing an accounting of her monthly expenses.  The court will

---

[1] Though Plaintiff Larson writes, in a footnote, that Ms. Baker is unemployed in his own motion to proceed in forma pauperis (Doc 14), Ms. Baker must provide her own information outlining her ability to pay and subscribe to it under penalty of perjury.

[2] The Court notes that Ms. Baker fails to sign her motion. (Doc 14),.  She is required to *sign* every document she files and is not permitted to merely type her name nor is Plaintiff Larson permitted to sign or act on her behalf.

then resume consideration of Baker's application to proceed *in forma pauperis.*

**Baker is admonished that failure to comply with this order may result in denial of her motion to proceed *in forma pauperis*.**

IT IS SO ORDERED.

Dated:  **January 28, 2011**                                     /s/ **Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE